**In re Yvonne K. TAYLOR, Debtor.**

**Bankruptcy No. 88–03680–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Oct. 13, 1989.

Bruce Zeidel, Gorman & Zeidel, North Palm Beach, Fla., for creditor, First Bank of Indiantown.

Yvonne K. Taylor, Lantana, Fla., pro se.

Leslie Gern Cloyd, Ackerman, Bakst & Lauer, P.A., West Palm Beach, Fla., for First Bank of Indiantown.

## ORDER ON CREDITOR'S MOTION FOR CLARIFICATION

THOMAS C. BRITTON, Chief Judge.

The debtor's amended plan of reorganization (CP 23a) was confirmed (CP 30) on March 6, 1989. A secured creditor, First Bank of Indiantown, in Class 3, which rejected the plan, was provided for in the following manner:

"If the State Court determines that First Bank of Indiantown is a secured creditor, then the allowed secured claim First Bank of Indiantown in Class (3), shall retain a lien on its collateral to secure its allowed secured claim and receive 11% simple interest on the amount allowed by the Court with principle [sic] and interest amortized over 360 equal payments; but balance of principle [sic] paid in full on the 61st payment." (Amended Plan ¶ C(2)).

The Order for Payment of Dividends (CP 32) provides for Class 3:

"Objection to Claim & Appeal Pending in State Court
Amount of Claim Allowed    Amount of Dividend
0                                      0."

The order on appeal is the judgment of foreclosure. The debt is secured by a mortgage on the debtor's residence.

After confirmation of the plan, the parties were heard in State court on the issue of requiring the debtor to post a supersedeas bond. The State court was unable to determine whether it had the authority to schedule a sale date in the event the debtor does not post a bond, and directed the creditor to return to the bankruptcy court for further instructions. (CP 49 Ex. A).

On August 18, the creditor requested clarification regarding sale of the property. The matter was heard on September 5.

The debtor's response (CP 51) relies on the Order for Payment of Dividends and

the case closing certificate of the U.S. Trustee. The debtor also cites statutory authority and commentary to establish the binding effect of the plan.

The debtor's position is that her compliance with the Order for Payment of Dividends, which provided no payment at all to this creditor,[1] permits her to hold off a sale of the property. She fails to take into account the basis for confirmation; that is, that the dispute between the secured creditor and the debtor was subject to further determination by the State court.

The only clarification necessary here is whether the confirmed plan gives the debtor the right to stay a foreclosure sale while she pursues an appeal without complete adherence to the requirements of the State court, specifically the posting of a bond.

It was not the intent of this court to waive any State court requirements or obligations of the debtor, or, in fact, to determine any part of the dispute subject to the jurisdiction of the State court. Furthermore, it was not the intent of this court to confirm a plan providing no payments on the mortgage at all, and surely the Order for Payment of Dividends was not a decision on that point.

The confirmed plan is not the protective shield the debtor asserts unless the debtor proceeds in accordance with its terms. Those terms permit a determination by the State court of the secured status of the subject claim, which it has done, and thereafter *payment* to the creditor.

As the record here has established, the State court's authority is set forth in the plan. However, it was never the intent of this court in confirming the plan to impose on the State court departures from its normal requirements or procedures for the convenience of this debtor.

DONE and ORDERED.

---

1. The only payments required were a total of $112.36 to four creditors. The U.S. Trustee felt it was appropriate based on this record to approve the payment of *zero dollars* to the mortgagee.